**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 08-cr-00492-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL MORROW,

    Defendant.

## ORDER

This matter is before the Court on reconsideration of the Sentencing Minutes issued for the May 22, 2009 Sentencing Hearing.  (Doc. # 36.)  Having reviewed a June 1, 2009 letter regarding the Court's Order in those Minutes that was submitted by James R. Marsh ("Mr. Marsh"),The Marsh Law Firm PLLC, counsel for "Amy," an alleged victim of Defendant's crime, the Court finds that it has discretion to allow "Amy," an individual affected by Defendant's criminal conduct, to present evidence and argument pertaining to her claim for restitution from the Defendant.  As such, the Court hereby issues the following ORDERS:

    1.    The Court MODIFIES its May 22, 2009 Order directing Mr. Marsh to file a motion to intervene on behalf of his client in this case.[1]  (Doc. # 36.)  Instead, the Court

---

[1] Only that portion of the Minute Order directing Mr. Marsh to file a motion to intervene is vacated; the remaining Minutes shall remain in full effect.

directs that, if Mr. Marsh is interested in pursuing a claim for restitution on behalf of his client in this case, within ten (10) days of the date of this Order, he is to enter an appearance for the limited purpose of allowing his client to prove, via briefing and presentation of evidence and argument, her claim to restitution from Defendant.

2. The Court does not question that Mr. Marsh's client has suffered significant damages as a result of her exploitation by her uncle, the end result of which is at issue in this case. However, the Court's review of the materials previously submitted by Mr. Marsh reveals that his client incurred much of her alleged damages years before Defendant came into possession of the materials he was convicted of possessing. Thus, in the briefing, Mr. Marsh is directed to address the following factual and legal issues, which were described by the Court during the May 22, 2009 Sentencing Hearing:

(a) By way of example and without limitation, pertinent facts should include how many images of Mr. Marsh's client Defendant possessed and how Defendant came to possess the images;

(b) Pertinent legal argument should explain how Defendant's possession of the images of Mr. Marsh's client directly and proximately caused her to suffer the damages for which she seeks restitution from Defendant;

(c) The briefing should also address the effect on this case, if any, of the restitution and settlement amounts Mr. Marsh's client has obtained in other legal proceedings, *i.e.*, should damages in this case be offset by

the restitution and settlement obtained in Connecticut and other legal proceedings?

3. Mr. Marsh, in a communication to the United States Attorney, previously indicated that he was willing to supply this Court with transcripts, papers and pleadings from the Connecticut court action in which his client received restitution and settlement from a defendant in a similar case. Mr. Marsh shall file these materials and any other relevant documents that would allow this Court to make a more informed decision regarding whether the Connecticut proceedings involved charges sufficiently similar to those in the instant case to be of any relevance to the Court's determination on the issue of restitution. These materials can be filed as an exhibit to Mr. Marsh's initial brief in support of his request for restitution or they may be filed separately as supplemental materials.

4. The following briefing schedule shall be followed:

(a) Mr. Marsh shall submit the supplemental materials identified in Paragraph No. 3 above and his initial briefing in support of his request for restitution on behalf of his client within twenty (20) days of the date of this Order;

(b) The Government and Defendant may respond to Mr. Marsh's submissions within twenty (20) days of the date such briefing and/or materials are filed;

(c) Mr. Marsh shall then have fifteen (15) days to reply to the response briefs;

  (d)  Upon completion of the briefing, the Court will set any hearing, oral argument, or conference it deems necessary to help resolve the issues raised by the supplemental materials and briefing.

5.  Upon filing of the entry of appearance by Mr. Marsh, the Clerk's Office is directed to add Mr. Marsh to the service list in CM/ECF.

6.  The Clerk's office is further directed to provide copies of all documents filed by Mr. Marsh, the Government and Defendant relating to the issue of restitution to the United States Probation Office.

7.  The Clerk's office is further directed to send a copy of this order to Mr. Marsh at the following address:  James R. Marsh, The Marsh Law Firm PLLC, P.O. Box 4668 #65135, New York, New York 10163-4668.

DATED:  June __9th__, 2009

              BY THE COURT:

              *Christine M Arguello*
              _____
              CHRISTINE M. ARGUELLO
              United States District Judge